Filed 12/3/24  Steel v. Toccoli CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| CHERYL STEEL, Individually and as Trustee, etc., | C097125 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-PR-TR-2016-0000544) |
| v. | |
| LORI M. TOCCOLI, as Trustee, etc., | |
| Defendant and Appellant. | |

This appeal challenges the trial court's denial of a trustee's motion to compel arbitration filed in response to a related trustee's petition for the appointment of a receiver—a receiver who would manage assets and resolve issues that are subject to the parties' arbitration agreement.  We reverse the trial court's order.

### FACTS AND HISTORY OF THE PROCEEDINGS

Plaintiff Cheryl Steel and defendant Lori M. Toccoli are sisters who serve as trustees of, and are beneficiaries of, related trusts which hold the estate of their deceased

1

parents. The parties entered into settlement agreements in 2017 and 2018 to resolve disputes over how the trusts' assets should be sold and the proceeds distributed. In the 2017 settlement, the parties agreed to arbitrate any disputes regarding the application or performance of the settlement agreement.

In the 2018 settlement agreement, the parties reaffirmed the arbitration agreement made in the 2017 settlement. They also specifically agreed to arbitrate (1) if they cannot agree upon an asset's listing price, (2) any issues concerning the legitimacy of an offer, (3) any disputes concerning offers made by either of the parties, and (4) if, within two days after expressing written objections to an offer, the parties cannot agree to accept, reject, make a counteroffer, or otherwise unanimously proceed in response to an offer.

Despite the settlement agreements and an arbitration conducted in 2020, attempts to sell assets have been unsuccessful, disputes have continued between the parties, including disputes over the assets' values and listing prices, and most of the assets remain unsold, now more than eight years since the parties' last surviving parent's death.

Plaintiff petitioned the trial court for the appointment of a receiver to market and sell the trusts' assets, including determining each asset's listing price. She brought her petition under Probate Code section 16420, which authorizes a beneficiary or co-trustee, if a trustee commits a breach of trust, to commence a proceeding to appoint a receiver to take possession of the trust property and administer the trust. (Prob. Code, § 16420, subd. (a)(3).)

In response, defendant filed a motion to compel arbitration. She contended that plaintiff had agreed in the settlement agreements to arbitrate the issues she had petitioned for a receiver to resolve. All of plaintiff's disputes concerned the attempted sale of the assets and other related grievances—issues that squarely fell within the 2017 and 2018 arbitration agreements. Further, plaintiff had refused to arbitrate the issues. Defendant thus asserted that the form of plaintiff's petitioned for relief violated the arbitration

agreements. Defendant also requested the court stay proceedings on the petition pending completion of arbitration.

Opposing the motion to compel, plaintiff contended that although the parties had agreed to arbitrate controversies related to the sale of the assets, appointing a receiver was not a controversy the parties had agreed to arbitrate. Moreover, an arbitrator had no power to appoint a receiver.

Plaintiff also argued that even if the issues presented in the petition were arbitrable under the parties' agreements, the trial court should still appoint a receiver pursuant to Code of Civil Procedure section 1281.8 [statutory section citations that follow are found in the Code of Civil Procedure unless otherwise stated]. This statute authorizes parties to an arbitration to seek the appointment of a receiver as a provisional remedy. The provisional remedy is available only on the ground that the arbitration award to which the petitioning party may be entitled may be rendered ineffectual without provisional relief. (§ 1281.8, subd. (b).) Plaintiff asserted that even if the trial court were to find that the issues presented in her petition for a receiver were arbitrable under the settlement agreements, the estate was being depleted, and she had a statutory right to seek the appointment as a provisional remedy to protect any award she may be entitled to receive.

The trial court denied defendant's motion to compel arbitration and stay the action. In its tentative ruling, the court reasoned that although the parties agreed in the two settlement agreements to arbitrate specific issues, there was no language in the agreements that waived the remedy of appointing a receiver. And only courts may provide that remedy, not arbitrators. In addition to denying defendant's motion to compel, the court continued the hearing on plaintiff's petition to appoint a receiver.

## DISCUSSION

Defendant appeals the trial court's denial of her motion to compel arbitration. She contends plaintiff seeks to have the receiver perform duties which are subject to the

3

arbitration agreements and thereby circumvent her agreement to arbitrate. Defendant asserts that plaintiff is wrongfully delegating her responsibility to perform the actions of a trustee and administer the trust to a receiver.

Defendant also argues against the merits of plaintiff's petition to appoint a receiver. She claims there is no substantial evidence that she stalled efforts to sell the assets. Defendant claims that appointing a receiver would also prejudice her and the other beneficiaries because a receiver not responsible to the trustees could expose confidential information that affects the assets' values.

We review an order denying a motion to compel arbitration de novo where the decision was based on issues of law, and for substantial evidence if the decision was based on issues of fact. (*Chambers v. Crown Asset Management, LLC* (2021) 71 Cal.App.5th 583, 591.)

A trial court has limited discretion to deny a motion to compel arbitration. (§ 1281.2.) When ruling on a motion to compel, "the court must determine whether the parties entered into an enforceable agreement to arbitrate that reaches the dispute in question, construing the agreement to the limited extent necessary to make this determination. [Citation.] If such an agreement exists, the court must order the parties to arbitration unless arbitration has been waived or grounds exist to revoke the agreement." (*California Correctional Peace Officers Assn. v. State of California* (2006) 142 Cal.App.4th 198, 204-205.)

Specifically, and with an exception not relevant here, section 1281.2 requires a trial court to grant a motion to compel arbitration on a dispute the parties agreed to arbitrate unless the court determines that no written agreement to arbitrate exists, the right to compel arbitration has been waived, grounds exist for rescission of the agreement, or a party to the agreement is also a party to a pending court action or special proceeding with a third party that arises out of the same transaction. (§ 1281.2.) Also, a trial court may delay its order to arbitrate where there are other issues between the parties which are not

subject to arbitration and which are the subject of a pending action or special proceeding between the parties and that a determination of those issues may make the arbitration unnecessary. (§ 1281.2.) Denial of a petition to arbitrate on grounds other than those enumerated in section 1281.2 is reversible error. (See *California Correctional Peace Officers Assn. v. State of California, supra*, 142 Cal.App.4th at p. 211.)

The trial court correctly determined that the parties had not agreed to arbitrate the issue of whether one of the parties could petition for the appointment of a receiver. However, defendant's motion to compel arbitration opposed plaintiff's petition by seeking to compel arbitration of the issues plaintiff wanted a receiver to decide—issues the parties had agreed to arbitrate. Because defendant was seeking to compel arbitration of the issues the parties had agreed to arbitrate, the trial court had no discretion to deny her motion unless the evidence established one of the exceptions set forth in section 1281.2. Our review of the record finds no evidence that defendant waived her right to arbitration or that grounds existed to revoke the arbitration agreements.

We thus conclude the trial court erred by denying defendant's motion to compel arbitration. However, because plaintiff at a minimum retained the right to petition for appointment of a receiver under section 1281.8 and potentially under Probate Code section 16420, any grant of defendant's motion to compel could be affected by the trial court's ruling on plaintiff's petition for a receiver, which ruling is not before us. Thus, our holding is limited to reversing the trial court's denial of defendant's motion to compel arbitration. We take no position on plaintiff's petition to appoint a receiver.

DISPOSITION

The order denying defendant's motion to compel arbitration is reversed. The trial court is directed to issue a new order granting defendant's motion subject to the court's ruling on plaintiff's petition for appointment of a receiver. Costs on appeal are awarded to defendant. (Cal. Rules of Court, rule 8.278(a).)

5

                                                    _____
                                                    HULL, Acting P. J.


We concur:



_____
MAURO, J.



_____
FEINBERG, J.